IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JORGE ESCOBEDO-ESTRADA,<br><br>                    Defendant. | 4:14-CR-3004<br><br>REVISED ORDER ON<br>SENTENCING SCHEDULE |

This matter is before the Court on the defendant's Unopposed Motion to Amend Sentencing Schedule. Filing 24. Due to a delay in receiving the revised presentence investigation report (PSR), the parties require additional time to prepare any objections to the PSR. The Court has also been unable to issue its tentative findings. It is therefore necessary to continue sentencing in this case and revise several of the deadlines contained in the previous Order on Sentencing Schedule. Filing 19. Accordingly,

IT IS ORDERED that the defendant's Motion to Amend Sentencing Schedule (filing 24) is granted.

IT IS FURTHER ORDERED that the following revised deadlines and procedures are set in this case:

1. <u>May 21, 2014</u>:
   (a) Any proposals to the probation office for community service, community confinement, intermittent confinement, or home detention;
   (b) Motions to the Court:
      (1) for departure under the guidelines (including, but not limited to, motions by the government); and
      (2) for deviation or variance from the guidelines as allowed by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), or its progeny;
   (c) Objections by counsel to the PSR. Counsel shall file and serve on all other parties and the Probation Officer a written statement of position respecting each of the objections to the PSR, including the specific nature of each objection to the PSR.

- (d) If evidence is to be offered in support of or in opposition to a motion under subparagraph (b) of this paragraph or in support of or in opposition to an objection under subparagraph (c) of this paragraph 1, it must be: by affidavit, letter, report, or other document attached to the statement of position or by oral testimony at the sentencing hearing. If oral testimony is desired, a request must be made in the statement of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses. If a request for oral or documentary evidence is made by one party but not by the adverse party, the adverse party within <u>one working day</u> thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph 1(d).
- (e) Objections should be supported by a brief if a substantial issue of law is raised. Motions for departure should be supported by a brief that explains why the departure from the guideline sentencing range is justified by normal guideline departure theory. Motions for deviation or variance from the guidelines as allowed under *Booker* or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.
- (f) It is expected that no consideration will be given to any sentencing factor first raised after the filing of the written statement.

2. <u>May 28, 2014</u>: Judge's notice to counsel of rulings, tentative findings, and whether oral testimony is to be permitted.

3. The following procedures shall apply to objections to tentative findings:
    - (a) A written objection to tentative findings is not required if no evidence will be offered in support of the objection to tentative findings and no new substantial issue of law will be raised in support of an objection to tentative findings. In such a case, an oral objection to the tentative findings may be made at the time of sentencing.

 (b) A written objection to tentative findings is required if evidence will be offered in support of the objection to the tentative findings or if a new substantial issue of law is raised in support of the objection to the tentative findings. If evidence will be offered in support of the written objection to the tentative findings, the written objection shall include a statement describing why an evidentiary hearing is required, what evidence will be presented, and how long such a hearing would take. If a new substantial issue of law is raised in support of the written objection to tentative findings, such an objection shall be supported by a brief. Unless the Court orders otherwise, a written objection to the tentative findings will be resolved at sentencing in such manner as the Court deems appropriate.

 (c) Any written objection to tentative findings shall be filed no later than five business days prior to the date set for sentencing. If that is not possible due to the lack of time between the issuance of tentative findings and the sentencing hearing, the written objection shall be filed as soon as possible but not later than one business day prior to sentencing.

4. <u>June 6, 2014</u> at 10:00 a.m.: Sentencing before Judge Gerrard in Lincoln, Courtroom #1.

A Probation Officer must submit a sentencing recommendation to the sentencing judge no later than <u>June 2, 2014</u>. The Probation Officer is directed to provide copies of any sentencing recommendation to counsel for the government and counsel for the defendant at the time the recommendation is submitted to the sentencing judge.

Dated this 5th day of May, 2014.

        BY THE COURT:

        _____
        John M. Gerrard
        United States District Judge