IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JORGE ESCOBEDO-ESTRADA,<br><br>                    Defendant. | 4:14-CR-3004<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. The defendant has filed an objection to the PSR. Filing 26.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

   (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a). Filings 1 and 17. The applicable guideline provides for an enhanced offense level which varies, depending upon the nature of the defendant's previous convictions. U.S.S.G. § 2L1.2(b). In their Rule 11(c)(1)(B) plea agreement, the parties stipulated that defendant should receive a 4-level increase for a conviction "for any other felony," pursuant to U.S.S.G. § 2L1.2(b)(1)(D). Filing 17 at 4. However, the probation officer determined that the defendant had, in fact, been previously convicted of a felony crime of violence, and that a 12-level increase was therefore appropriate, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). PSR at ¶¶ 16, 31 & pp. 18–19. The defendant has objected to this determination. Filing 26.

The previous conviction at issue is the defendant's 2002 conviction from Illinois for "mob action," in violation of 720 Ill. Comp. Stat. § 5/25–1(a)(1). The defendant argues that this was not a crime of violence and asks the Court to apply the 4-level enhancement that the parties agreed upon. The government shares the defendant's position, and recommends that the Court accept the terms of the plea agreement. Filing 27. The Court is inclined to give the defendant the benefit of the plea agreement. As a practical matter then, the Court's tentative finding is that a 4-level enhancement is appropriate.

But in the interest of calculating a correct advisory Guidelines range, the Court will nonetheless consider whether another enhancement could potentially apply. Having done so, the Court tentatively finds that while the defendant's mob action conviction may not qualify as a "crime of violence" for purposes of a 12-level increase, it may constitute an "aggravated felony," which warrants an 8-level increase under U.S.S.G. § 2L1.2(b)(1)(C).

For purposes of the 12-level enhancement under U.S.S.G. § 2L1.2, a "crime of violence" is defined to include several enumerated offenses (such as murder and arson), as well as any offense under federal, state, or local law "that has as an element the use, attempted use, or threatened use of physical force against the person of another."

- 2 -

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[1] The mob action statute, in turn, provides

> (a) Mob action consists of any of the following:
>
> (1) The use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law; or
>
> (2) The assembly of 2 or more persons to do an unlawful act; or
>
> (3) The assembly of 2 or more persons, without authority of law, for the purpose of doing violence to the person or property of any one supposed to have been guilty of a violation of the law, or for the purpose of exercising correctional powers or regulative powers over any person by violence.

720 Ill. Comp. Stat. § 5/25–1(a)(1) (West 2001).[2]

The Court's first step in applying the crime-of-violence definition is to determine whether to apply the categorical or modified categorical approach. *United States v. Ossana*, 638 F.3d 895, 899 (8th Cir. 2011). Pursuant to the categorical approach, the Court is concerned only with the fact of a prior conviction and the statutory elements of the underlying offense. *Id.* The Court is not concerned with the particular manner in which the defendant committed the offense or the specific details of his prior criminal act. *Id.* If, however, the underlying statute encompasses multiple different crimes, only some of which qualify as crimes of violence, the Court applies the modified categorical approach and examines a limited class of record materials ("*Shepard* materials") to determine which actual crime the defendant was convicted of or pleaded guilty to. *Id.* at 899–900; *see Shepard v. United States*, 544 U.S. 13 (2005). Under either approach, the Court only examines the elements of the underlying offense to determine if the conviction

---

[1] The crime must also have been a felony. U.S.S.G. § 2L1.2 cmt. n.2. The parties do not dispute that it was. 720 Ill. Comp. Stat. § 5/25–1(b) (West 2001); 730 Ill. Comp. Stat. § 5/5–8–1(a)(7) (West 2001).

[2] This is the version of the statute in effect when the defendant committed the crime; it has since been amended. *See* 720 Ill. Comp. Stat. § 5/25–1(a)(1) (West 2014).

- 3 -

*necessarily* involved the use, attempted use, or threatened use of physical force. *Ossana*, 638 F.3d at 900. And under either approach, the focus is on the elements, rather than the facts, of a crime. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013).

Viewed in its entirety, the mob action statute does not have as a necessary element the use or threatened use of physical force against a person. *See United States v. Cole*, 298 F.3d 659, 661 (7th Cir. 2002). For example, it prohibits the "assembly of 2 or more persons to do an unlawful act." Thus, the statute is not a crime of violence under the categorical approach, and so the Court next considers whether it may apply the modified categorical approach.

The modified approach only applies to statutes which are divisible—that is, a statute which sets out potential offense elements in the alternative. *Descamps*, 133 S. Ct. at 2281–83. The mob action statute is divisible: it can be violated in multiple ways, some of which may, or may not, constitute crimes of violence. So, the Court examines the available *Shepard* materials to determine which actual crime the defendant committed. The complaint, indictment, and "Criminal Sentence Form" from the defendant's mob action conviction reveal that he was charged with and convicted of violating subsection (a)(1) of the mob action statute, which prohibits "[t]he use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law." 720 Ill. Comp. Stat. § 5/25–1(a)(1) (West 2001).

At first glance, this portion of the mob action statute would appear to qualify as a crime of violence. However, while it requires the use of force or violence, it does not require the use of either against another person. Instead, the "use of force or violence" has been interpreted to mean the use of physical force against not only other persons but also against property. *See Landry v. Daley*, 280 F. Supp. 938, 954 (D.C. Ill. 1968) *rev'd on other grounds sub. nom. Boyle v. Landry*, 401 U.S. 77 (1971). In *Cole*, for example, the defendant was convicted of mob action under an information alleging that the defendant "knowingly, by the use of force and violence, disturbed the public peace . . . [in that he] shot out windows and struck the motor vehicles of [several persons], thereby inflicting injury to the <u>property</u> of another." 298 F.3d 659, 661–62 (emphasis supplied). So, even under the modified approach, a conviction for violating subsection (a)(1) of the mob action statute does not necessarily require the use of physical force against another person,

- 4 -

and therefore does not qualify as a crime of violence under U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[3]

However, an 8-level enhancement may be appropriate under U.S.S.G. § 2L1.2(C), which applies to defendants who have been convicted of an "aggravated felony." An "aggravated felony" has the meaning given that term in 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2 cmt. n.3(A). That statute, in turn, defines "aggravated felony" to include, among other things, "a crime of violence" as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least 1 year. 8 U.S.C. § 1101(a)(43)(F). And § 16, in turn, defines a crime of violence as

> **(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person <u>or property</u> of another, or
>
> **(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person <u>or property</u> of another may be used in the course of committing the offense.

18 U.S.C. § 16 (emphasis supplied). The mob action statute satisfies this definition of "crime of violence." It necessarily requires proof that a defendant used physical force or violence against another person or property.[4]

One more matter bears noting. The "use" of violence required under § 16 has been interpreted to require the "active employment" of force, which suggests a higher degree of intent than merely accidental or negligent conduct. *Leocal v. Ashcroft*, 543 U.S. 1, 9–11 (2004). Subsequent decisions have clarified that even a *mens rea* of

---

[3] Although the statute may be violated by the use of force or violence against a person or property, the *target* of the force or violence is not an element of the statute, and thus, is not divisible. See *Descamps*, 133 S. Ct. at 2289–90. In other words, if the mob action case had gone to a jury, the jurors could have properly convicted the defendant without a unanimous agreement as to the target of the force employed. *See id.* at 2290. And because the target of the forced used is not an element, the Court cannot find that a conviction for this offense necessarily required a finding that force was used against another person.

[4] The force must necessarily be used against one or the other—there is no other category of objects that physical force could be used against. Alternatively, and at the very least, a violation of the statute carries a substantial risk that persons or property will be subjected to physical force. 18 U.S.C. § 16(b).

- 5 -

recklessness will not suffice. *See, e.g.*, *United States v. Fish*, ___ F.3d ___, 2014 WL 715785, at *7 & n.4 (1st Cir. Feb. 26, 2014) (collecting cases). Instead, the crime must contain as an element the knowing or intentional use of physical force. *See, e.g.*, *United States v. Torres-Villalobos*, 487 F.3d 607, 615–16 (8th Cir. 2007); *see also*, *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) ("the knowing or intentional application of force is a 'use' of force"); *United States v. Vanhook*, 640 F.3d 706, 713 (6th Cir. 2011) (*mens rea* of "knowing" will suffice except in rare cases).

The mob action statute, as it existed when violated by the defendant, did not explicitly contain a *mens rea* element. However, another provision of Illinois' criminal code, 720 Ill. Comp. Stat. § 5/4-3, provides that "[a] person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in Sections 4-4 through 4-7." Those mental states include intent, knowledge, recklessness, or negligence. 720 Ill. Comp. Stat. §§ 5/4-4 through 5/4-7. The mob action statute is not an absolute liability offense, and has been interpreted to require a *mens rea* of either reckless, knowing, or intentional conduct. *People v. Leach*, 279 N.E.2d 450, 452 (Ill. Ct. App. 1972); *see also*, *Landry*, 280 F. Supp. at 957; *People v. Montgomery*, 534 N.E.2d 651, 653 (Ill. Ct. App. 1989).

Thus, the mob action statute is divisible as to the required *mens rea*—it "sets out one or more elements of the offense in the alternative." *Descamps*, 133 S. Ct. at 2281; *see also*, *United States v. Carter*, ___ F.3d ___, 2014 WL 1688909, at *8 (1st Cir. Apr. 30, 2014) (applying divisibility analysis to *mens rea* elements); *Dzerekey v. Holder*, ___ Fed.Appx. ___, 2014 WL 1509207, at *3 (10th Cir. Apr. 18, 2014) (same). And the available *Shepard* materials reveal that the defendant was charged with, indicted for, and pleaded guilty to a *knowing* violation of the mob action statute. In sum, the Court's tentative finding is that the defendant's mob action conviction constitutes a crime of violence under § 16(b) and thus an aggravated felony under U.S.S.G. § 2L1.2(C), and an 8-level enhancement is therefore potentially appropriate.

        All that said, the Court is nonetheless inclined to honor the terms of the parties' plea agreement, which provided for a 4-level increase for the commission of "any other felony," pursuant to U.S.S.G § 2L1.2(b)(1)(D). The government has represented that when the plea agreement was drafted, it believed only a 4-level enhancement was warranted. As the preceding analysis demonstrates (and as shown by the three different results reached by the parties, the Court, and the probation officer), determining whether a previous conviction is a crime of violence or an aggravated felony can be far from a straightforward task. In this case, the Court's tentative finding is that the defendant should receive the benefit of his plea agreement.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 28th day of May, 2014.

                                        BY THE COURT:

                                        */s/ John M. Gerrard*
                                        John M. Gerrard
                                        United States District Judge